1 HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
2 BENJAMIN A. GERSON, NY BAR #5505144
Assistant Federal Defender
3 Designated Counsel for Service
2300 Tulare Street, Suite 330
4 Fresno, CA 93721-2226
Telephone: (559) 487-5561
5 Fax: (559) 487-5950

6 Attorney for Defendant
STEVEN HEMMANN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 6:19-PO-00244-JDP |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS COUNT 2; MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| STEVEN HEMMANN, | Date: April 1, 2020 |
| Defendant. | Time: 10:00 a.m. Judge: Hon. Jeremy D. Peterson |

**TO:   SUSAN ST. VINCENT AND SEAN ANDERSON, YOSEMITE LEGAL OFFICERS, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that on April 1, 2020, at 10:00 a.m., or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Jeremy D. Peterson, United States Magistrate Judge for the Eastern District of California, defendant Steven Hemmann, through undersigned counsel, will bring on for hearing the following motion to dismiss Count 2: Destroy, injure, deface, or damage property or real property in violation of Title 36, C.F.R. § 2.31(a)(3).

///

///

///

**MOTION**

Mr. Hemmann, by and through his counsel of record, Assistant Federal Defender Benjamin Gerson, hereby moves this Court for an order dismissing Count 2 of the Criminal Complaint. This motion is made pursuant to Federal Rule of Criminal Procedure 12, Eastern District of California Local Rule Crim. 430.1, 16 U.S.C. § 47-1, and such other statutory and constitutional rules as may be applicable.

This motion is based upon the instant motion and notice of motion, the accompanying memorandum of points and authorities, the files and records in the above-entitled case, and any and all other information that may be brought to the Court's attention before or during the hearing on this motion.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: February 19, 2020

*/s/ Benjamin Gerson*
Benjamin Gerson
Assistant Federal Defender
Counsel for Defendant
Steven Hemmann

# MEMORANDUM OF POINTS AND AUTHORITIES

# BACKGROUND AND RELEVANT FACTS

On February 10, 2019, Rangers Pring, McGahey, and Van Vechten responded to a report of the defendant, Mr. Hemmann, stealing snacks from a broken vending machine. The rangers were informed as to Mr. Hemmann's identity by another resident of Yosemite valley. The probable cause statement makes no further allegations as to Mr. Hemmann's involvement in the alleged crime. The rangers confronted Mr. Hemmann at his residence, finding him with various snacks alleged to be from the broken vending machine.

# LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may move for dismissal based on a defect in the charging document. A charging document is defective if it fails to recite an essential element of the offense. *See United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005) (per curiam) (dismissing an indictment alleging bank fraud because the indictment failed to specify materiality of falsehood); *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (holding that an indictment's failure to specify the *mens rea* necessary for a Hobbs Act conviction required dismissal); *see also* Fed. R. Crim. P. 3 (noting that a criminal complaint must set forth "the essential facts constituting the offense charged").

# ARGUMENT

Title 36, Code of Federal Regulations ("C.F.R"), § 2.31(a)(3) prohibits "destroying, injuring, defacing, or damaging property…" under the heading "[v]andalism". . In the instant case, the charging document is composed of two citations and a probable cause statement written by Ranger Pring. There is not a single factual allegation to be found in the three pages of the charging document that alleges Mr. Hemmann vandalizes, broke, damaged or destroyed the vending machine. The closest allegation is that a witness saw him stealing snacks from a broken machine. Absent any allegations to the contrary, there is no probable cause to believe that Mr. Hemmann broke the machine. At most, he took advantage of an already vandalized machine. As

such, Count 2 charging a violation of 36 C.F.R. §2.31(a)(3) must be dismissed for failure to state any essential elements of the crime.

**CONCLUSION**

Based on the foregoing, Mr. Hemmann respectfully requests that the Court dismiss Count 2 of the criminal complaint.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: February 19, 2020  */s/ Benjamin Gerson*
BENJAMIN GERSON
Assistant Federal Defender
Attorney for Defendant
Steven Hemmann