McGREGOR W. SCOTT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
PHILIP N. TANKOVICH
Special Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN W. HEMMANN,<br><br>　　　　　　Defendant. | CASE NO. 6:19-MJ-00244-JDP<br><br>BRIEF REGARDING COVID-19 SAFETY PRECAUTIONS AT TRIAL<br><br>COURT: Hon. Jeremy D. Peterson |

　　　　On October 27, 2020, Defendant submitted proposed COVID-19 safety procedures for a potential in-person bench trial in this case to the Court. A status conference to discuss the issue of trial safety measures is set for November 12, 2020. The government provides this brief outlining its position on safety measures for these trials. The government's proposed procedures are in part adapted from the jury trial committee's June 2020 proposal to the judges of the Eastern District for holding in-person jury trials, but are tailored to incorporate developments since that time and in light of the context of an in-person misdemeanor bench trial.

///

///

///

///

# I. GOVERNMENT'S POSITION REGARDING SAFETY MEASURES FOR AN IN-PERSON BENCH TRIAL

## A. Entering the Courthouse

Except for the limited circumstances described in Section I.C.4 below, a face covering is required to enter the courthouse and must be worn in common areas and private areas where a social distance of six feet cannot be maintained. This requirement pertains to all people entering the building including building staff, attorneys, and court security officers. Floor decals will be placed at six-foot intervals at the entrance of the courthouse to assist with proper distancing while waiting to enter the courthouse and proceed through screening. Hand sanitizer stations are offered near the jury scanning counter. COVID-19 symptom questions may be asked prior to entry or a list of symptoms may be posted, that if experiencing, would preclude anyone from entering the courthouse.

## B. Public Facilities within the Courthouse

Elevators should hold no more than two people at a time to maintain social distancing. A family, or group of people who have socially isolated together during the pandemic, can safely take the elevator together. People waiting to use the elevators should keep a distance of six feet apart as marked by the floor decals.

As for public restrooms, no more than two people should be in the public restroom at a time. People waiting to use the restroom should distance six feet apart in the courtrooms' main hallway where a 6- foot radius can be maintained.

## C. Trial Procedures

### 1. Length of Court Sessions

The government recommends that the Court conduct half-day sessions, from 9am to 1pm, should the trial last more than four hours. The shorter period decreases daily exposure time of courtroom participants.

### 2. Physical Distancing and Public Access

The back two rows of the audience section may be used for public seating with appropriate social distancing. (The front two rows will be reserved for government and defense staff or witnesses). Of the public attending trial, members of the same family who live together do not need to be physically

distant. If there are not enough seats for all those wishing to watch trial, the court will arrange an overflow courtroom with an ability to watch trial through the court's video system. All members of the public attending the trial should be required to wear masks at all times.

Appropriate courthouse stakeholders (including the Clerk of the Court, the U.S. Marshals Service, and the Courtroom Security Officers) should be given notice of the trial and advised that any member of the public who wishes to attend may be granted access to the courthouse for that purpose, subject to security screening and any public-health screening the court (in conjunction with the involved agencies) directs.

Defense counsel and their client as well as the government should observe social distancing during the trial, sitting at opposite ends of the counsel table, or six feet apart.[1]

### 3. Exhibits

Exhibits should be presented at trial either electronically or using paper exhibits presented on the overhead projector. Specific procedures for the presentation of exhibits should be left to the discretion of the trial judge. The parties will coordinate with the courtroom deputy to ensure that the admitted exhibits are placed in an admitted exhibit binder or box. The goal is to minimize what multiple people will need to touch and look at.

### 4. Use of Masks During Trial

Masks may mitigate the risk of spreading COVID-19 (though masks do not fully eliminate the risk). On June 18, 2020, the California Department of Public Health released guidance mandating that people in California wear cloth face coverings when they are "inside of, or in line to enter, any indoor public space." *See generally* Guidance for the use of face coverings, available at https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-128.aspx (last accessed November 1, 2020). The Centers for Disease Control and Prevention affirmed that adherence to masking policies could reduce the spread of COVID-19. *See generally* CDC calls on Americans to wear masks to prevent COVID-19

---

[1] The FDO has requested use of interpreter headsets, on a closed line, to confer with their client. The government understands that the court's IT department is looking it to this possibility. The government has no objection to the FDO's using interpreter headsets or a closed line to confer with their clients during court proceedings.

spread, available at https://www.cdc.gov/media/releases/2020/p0714-americans-to-wear-masks.html (last accessed November 1 2020).

During the trial, all individuals in the courtroom should be masked at all times, except for the following limited exceptions as explained below and in Section II.4 and II.5.

Witnesses should testify from behind a plexiglass screen at the witness stand, and should be masked while traveling to and from the witness stand. Witnesses should be unmasked while testifying.

Attorneys should also speak from behind plexiglass barriers installed at the lectern and at counsels' tables. The court, attorneys, and the defendant should have the option of removing their masks only while speaking from behind such barriers, but should not be required to do so. However, the defendant should be required to remove his mask briefly to allow a witness to make an in-person identification.

### D. Recesses at Night

Per CDC Guidelines, the Court will disinfect the courtroom and jury rooms each night, along with the public spaces outside the courtroom, the public restrooms, and any overflow courtroom.

## II. GOVERNMENT'S RESPONSE TO THE DEFENSE'S BRIEF REGARDING SAFETY MEASURES

Defendant has presented the following points, and the United States responds in turn to each individually.

1. Defense counsel asks that each of the above captioned cases proceed to trial in the ceremonial courtroom in the U.S. District Courthouse in either Fresno, CA, or Sacramento, CA. The ceremonial courtrooms offer sufficient space to accommodate CDC guidelines for social distancing (6 feet minimum) between the judge, counsel, defendant, and witnesses.

   **Government Response:** The government does not object to the use of the ceremonial courtroom for bench trials, but notes that other courtrooms in the Sacramento courthouse might also provide sufficient space to accommodate CDC guidelines for social distancing. The government defers to the court as to whether the ceremonial courtroom or another courtroom should be used.

2. Because each of the above-captioned cases will not be tried by a jury, counsel may address the judge and witness from the lectern, and use sanitizing wipes to clean the lectern surface after when resting, and before opposing counsel takes the lectern.

**Government Response**: The government agrees with this proposal for addressing the court and questioning witnesses, but notes that plexiglass should be installed at the lectern to maximize the safety of all parties.

3. Exhibits should be presented at trial either electronically or using paper exhibits presented on the overhead projector. Specific procedures for the presentation of exhibits should be left to the discretion of the trial judge.

   **Government Response**: The government agrees with this proposal as noted above in Section C.3.

4. Witnesses should remove masks during testimony for clarity and so that the judge and litigants may properly judge his or her credibility. Plexiglas barriers may be installed to separate the judge from the witness.

   **Government Response:** The government agrees with this proposal as noted above in Section C.4, but believes that plexiglass barriers should be installed at the lectern, counsel's table, and at the witness stand.

5. Litigants should wear masks when not addressing the court or examining a witness.

   **Government Response:** All individuals in the courtroom should be required to wear masks when not addressing the court or examining a witness. The government understands the defense proposal's use of the term "litigants" to include the defendants, and attorney(s) for the government and the defendant. Other individuals present in the courtroom should also remain masked except when addressing the court. Consistent with Section C.4 above, the government also notes while litigants should be permitted to remove their masks when addressing the court or questioning a witness, they should not be required to do so, except that the defendant may be required to remove his mask briefly to allow a witness to make an in-person identification.

6. Defense counsel requests further inquiry on the use of headsets to communicate with the defendant, so that social distancing and masks may used properly. In the alternative, defense counsel requests accommodations to speak to the defendant in the hallway, jury room, or conference room.

   **Government Response:** The government agrees with this proposal.

7. Public access, and admission of witnesses to the courthouse should be managed in accordance with guidelines set out for building access as directed by courthouse staff

   **Government Response:** The government's proposal regarding public access appears above at Section C.2. Access by the public and witnesses will be in accordance with the Court's General Orders. Although the courthouse is closed to the public generally, members of the public and press should be given access to enter the courthouse to observe the proceedings as parties who have business with the court pursuant to the court's general orders. As indicated in Section I.C.3 above, any member of the public who wishes to attend may be granted access to the courthouse for that purpose, subject to security screening and any public-health screening the court (in conjunction with the involved agencies) directs.

///

///

///

## CONCLUSION

The United States respectfully requests the Court to implement the government's recommendations for safety procedures in light of the COVID-19 pandemic.

Dated: November 16, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ KATHERINE E. SCHUH
KATHERINE E. SCHUH
Assistant United States Attorney

/s/ PHILIP N. TANKOVICH
PHILIP N. TANKOVICH
Special Assistant United States Attorney